UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN COLE BRITTIAN,<br><br>                Plaintiff,<br><br>     v.<br><br>CORRECTIONS OFFICER GRUB,<br><br>                Defendant. | No. 2:18-cv-00192-SMJ<br><br>**ORDER ENTERING JUDGMENT** |

On October 30, 2019, the Court granted Defendant's motion for partial summary judgment, awarding judgment in favor of Defendant on Plaintiff's constitutional claims. *See* ECF No. 42. At that time, Defendant did not move for summary judgment on the fifth and final allegation in Plaintiff's complaint. *See id.* at 14–16. However, the Court notified the parties, under Federal Rule of Civil Procedure 56(f), that it intended to award judgment in Defendant's favor on that allegation as well and gave the parties thirty days in which to submit briefing on the issue. *See id.* at 15. Neither Plaintiff nor Defendant did so. Accordingly, for the reasons briefly explained below, the Court now enters judgment in Defendant's favor on the fifth and final allegation in Plaintiff's complaint and dismisses this case.

The fifth ground of Plaintiff's complaint alleges Defendant "denied all [Plaintiff's] grievances . . . and refused to report actions by state law to the prison rape act investigators."[1] ECF No. 8 at 6. The Court construes this allegation as Plaintiff's attempt to state a claim under the Prison Rape Elimination Act of 2003 ("PREA"), codified at 34 U.S.C. §§ 30301–3030. PREA appropriates funding to combat the problem of rape in state and federal prisons; creates a commission to study the issue and formulate national standards; and requires grant recipients to conform to those standards and prepare reports on the frequency of rape in their facilities. *See id.* at § 30305. Nothing in PREA's text expresses or implies Congress's intent to authorize a private right of action for one aggrieved by a violation of its provisions. Absent an indication of Congress's intent, the Court will not infer such a private right of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."). Though it appears no appellate court has yet decided the issue, the Court is joined in this conclusion by district courts around the country. *See Collen v. Yamaoka*, No. CIV. 14-00577 SOM, 2015 WL 793085, at *3–4 (D. Haw. Feb. 25, 2015) (collecting cases). Thus, even accepting the facts as stated in the complaint as true, Plaintiff's

---

[1] The factual basis for Plaintiff's complaint is adequately set out elsewhere in the record, *see, e.g.,* ECF No. 42, and the Court does not repeat those facts here.

allegation is insufficient to state a claim upon which relief may be granted for Defendant's failure to report Plaintiff's allegations of rape. It is therefore appropriate to enter judgment in Defendant's favor on this allegation as well. Because the Court has entered judgment in Defendant's favor on all Plaintiff's allegations, the Court directs judgment be entered in Defendant's favor on Plaintiff's complaint, ECF No. 1, and that the case be closed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED WITH PREJUDICE**.

2. The Clerk's Office shall **ENTER JUDGMENT** in favor of Defendant on all of Plaintiff's claims. The Clerk's Office shall thereafter **CLOSE** the file.

3. All remaining case management deadlines are **STRICKEN** and all pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to all counsel and *pro se* Plaintiff.

**DATED** this 5th day of December 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge